**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-5002**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUVENCIO OLGUIN-RESENDIZ,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:05-cr-01331-PMD)

———————————

Submitted: June 15, 2007                    Decided: June 19, 2007

———————————

Before WIDENER, MICHAEL, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Guy J. Vitetta, Charleston, South Carolina, for Appellant.  Carlton R. Bourne, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juvencio Olguin-Resendiz appeals from the 151-month sentence he received after he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issues, whether the district court erred by sentencing him: (1) based on facts not admitted by him, and (2) greater than necessary under 18 U.S.C.A. § 3553(a) (West Supp. 2007). For the reasons that follow, we affirm.

The district court sentenced Olguin-Resendiz in light of United States v. Booker, 543 U.S. 220, 224 (2005), and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). This Court reviews a post-Booker sentence to determine whether the sentence is within the statutorily prescribed range and is reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A sentence within a properly-calculated advisory Sentencing Guidelines range is presumptively reasonable. United States v. Johnson, 445 F.3d 339, 341-43 (4th Cir. 2006). Here, the district court correctly calculated the sentencing range, treated the federal Sentencing Guidelines as advisory, as directed by Booker, considered the § 3553(a) factors, and sentenced Olguin-Resendiz at the bottom of his advisory sentencing range of 151-188

months.  Thus, we find no error in sentencing and affirm Olguin-Resendiz's sentence.

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal.  Accordingly, we also affirm his conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>